### ARVEN BLANCHARD *vs.* BENJAMIN FISK.

In case for slander, where there are several counts, upon which the jury assess entire damages, if any one of those counts be bad, judgment must be arrested.

The words, "*you have stolen a file of bills out of my desk*," with an inuendo, that by "*file of bills*" was intended "*a file of unsatisfied accounts*," are not actionable.

CASE for slander.   The first count was for these words, "You have forged my name for the sum of three or four

" hundred dollars, and I shall have to pay it, and I mean to " put you into the state's prison for it, if it costs me a thou- " sand dollars."

The second count was for these words, " He has forged " my name, and I mean to put him into the state's prison for " it, if it costs me a thousand dollars."

The third count was for these words, " You have forged " my name, and I mean to put you into the state's prison " for it."

The fourth count was for these words, " You have stolen " a file of bills, (meaning a certain file of unsatisfied ac- " counts against sundry persons who had before then pur- " chased bread of the firm of *A. Stanley* and company, of " which company said *Fisk* had been a member, and the " said *Blanchard* a bread driver; and the said *Blanchard*, " as the agent of the said company, had contracted the debts " due upon said bills,) out of my desk, you have no doubt " collected them in rags, and have paid your old debts with " them."

There was also a fifth count.

The cause was tried here at February term, 1821, upon the general issue, and a verdict for the plaintiff on the four first counts with $150 damages, and a verdict for the defendant on the fifth count.

The defendant moved in arrest of judgment, on the ground that entire damages had been assessed on the four first counts, and that the words in the fourth count were not actionable.

*French,* for the plaintiff.

*Stevens* and *Mason,* for the defendant.

RICHARDSON, C. J. It is certain that at common law no larceny could be committed by taking and carrying away any paper or parchment, on which were written assurances concerning lands, or obligations or covenants, or other securities for a debt, or other chose in actions. 1 *Hawkins* 142.— 2 *East's C. L.* 197.

Our statute of December 18, 1812,(1) declares that if any person shall feloniously take any bond, promissory note, bill

(1) 1 N H. Laws 327.

Blanchard
*vs.*
Fisk.

of exchange, order, or other writing or obligation containing evidence of any unsatisfied debts, or containing evidence of any subsisting contract, covenant, or promise, to pay in money or goods any sum, or containing evidence of the discharge, payment, or satisfaction of any such debt, contract or promise, he shall be deemed guilty of larceny.

The fourth count in the plaintiff's declaration, alleges that the defendant said of the plaintiff, " you have stolen a file of " unsatisfied accounts against sundry persons ; you have no " doubt collected them in rags and have paid your old debts " with them." This is the substance of the charge as explained in the inuendo. On the part of the defendant, it is said, that the words in this count, even in the sense given to them in the inuendo, do not contain an imputation of any crime whatever, and are not therefore actionable ; and as entire damages have been assessed on the four first counts, it is contended, that judgment must be arrested.

(1) 3 Wilson 185.—10 Rep. 131, a.

If the words in the fourth count are not actionable, it is clear that judgment must be arrested.(1) The real question then is, do the words in the fourth count contain an imputation of the crime of larceny ? If, by a file of unsatisfied accounts, is to be understood a file of papers containing charges for goods sold and delivered and not paid for, and this was the meaning of the defendant, when he spoke of " a file of " bills," the words are clearly not actionable ; for the taking of such accounts would not be larceny within the intent of the statute, nor at common law. In order to make the words actionable, the defendant must have meant to express by the words " a file of bills," a file of papers containing evidence of unsatisfied debts, or of subscribing contracts, covenants or promises, or of the discharge, payment or satisfaction of such debts, &c. But the plaintiff has averred, that by " a file of bills" was intended a file of unsatisfied accounts against sundry persons who had before then purchased bread of *A. Stanley* and company, and the question is, can we understand by " unsatisfied accounts," any writing which is made by the statute the subject of larceny ? We think not.

*Judgment arrested.*